UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGDIP SINGH SEKHON, | No. 2:06-cr-58-JAM-EFB P |
| Movant, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Movant, a federal prisoner proceeding through counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  ECF No. 622.  The government's response to that motion is due on May 5, 2016.  ECF No. 633.

The matter was before the court on April 6, 2016 for hearing on movant's motion for bail pending resolution of his § 2255 motion.  ECF No. 634.  Attorney Jay Roadarmel appeared on behalf of movant; Assistant United States Attorney Jeremy Kelley appeared on behalf of the government.  As stated on the record, and for the reasons stated below, movant's motion for bail pending resolution of his § 2255 motion is denied.

/////

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

## I.  Background

On June 25, 2009, the jury returned a guilty verdict against movant for conspiring to defraud the United States and to make false statements in asylum applications in violation of Sections 371 and 1546 of Title 18 of the United States Code. ECF No. 325. Movant was sentenced on September 24, 2010. ECF No. 462. Finding that the total offense level was 28 and the criminal history category was I, United States District Judge Frank C. Damrell, Jr. determined the guidelines range was 78 to 87 months.[2] ECF No. 637, RT 91:20-22. The statutory maximum, however, was 60 months. *Id.*, 41:23-24. Judge Damrell rejected movant's request for a downward variance and imposed a sentence of 60 months. *Id.*, RT 84:23-85:19.

Movant completes his term of imprisonment on June 21, 2016. ECF No. 634-2 at 6. On January 22, 2016, the Federal Bureau of Prisons ("BOP") transferred movant from a Residential Re-Entry Center to home confinement. *Id.* He now remains in BOP custody, but at his home. *Id.*

## II.  Discussion

Bail pending the resolution of a section 2255 proceeding is only appropriate in "extraordinary cases involving special circumstances or a high probability of success." *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994). Although this standard is couched in disjunctive terms, numerous district courts and other circuits have concluded that the movant must meet both requirements. *See, e.g., Hall v. San Francisco Superior Court*, No. C 09-5299-PJH, 2010 U.S. Dist. LEXIS 33030, at *8-9 (N.D. Cal. Mar. 8, 2010) (discussing cases); *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (reasoning that "bail pending post-conviction habeas corpus review [is] available only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, *and also* when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective") (emphasis added). The movant must demonstrate "some circumstance making [his] application exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, at 7 (1964) (Douglas, J., in chambers). Special circumstances that

---

[2] According to the United States Sentencing Commission Guidelines Manual, Sentencing Table (2010), the range was actually 78 to 97 months.


may warrant release on bail include "a serious deterioration of health while incarcerated, and unusual delay in the appeal process." *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989). In short, "something more" than "a clear case for . . . release" is required before granting bail. *Benson v. California*, 328 F.2d 159, 162 (9th Cir. 1964).

Movant argues he has a high probability of success on his claims based on ineffective assistance of appellate counsel.[3] The applicable legal standards for a claim of ineffective assistance of counsel are set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." *Id.* at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Id.* at 687–88 (internal quotation marks omitted). Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Movant first argues that appellate counsel was ineffective for failing to challenge application of the 2-level enhancement under sentencing guideline § 3C1.1 for "obstruction of justice." Specifically, movant argues that Judge Damrell failed to "expressly" find that movant's false statements in court were willful and material. *See* ECF No. 622-1 at 107-108. The case upon which movant relies, *United States v. Castro-Ponce*, 770 F.3d 819 (9th Cir. 2014)—which established the necessary findings a sentencing court must make before imposing an obstruction enhancement—was decided two-and-one-half years after movant's opening brief was filed and four months after his conviction was affirmed. This claim does not have a high probability of success. *See Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (holding appellate counsel "cannot be required to anticipate our decision in [a] later case, because his conduct must be evaluated for purposes of the performance standard of *Strickland* 'as of the time of counsel's conduct.'").

---

[3] Movant's § 2255 motion raises additional claims for relief. However, movant's bail motion is not based upon those other claims because they require further factual development. ECF No. 634-2 at 7; ECF No. 641 at 3, n. 5.

Appellate counsel could not have been deficient in failing to argue on appeal that the trial court failed to "expressly" find that movant's false statements in court were willful and material, as required by *Castro-Ponce*, because *Castro-Ponce* had not yet been decided.[4]

Movant also argues that appellate counsel was ineffective for failing to challenge the 2-level enhancement under sentencing guideline § 3B1.3 for "abuse of a position of trust." Appellate counsel has submitted a declaration implying that his failure to do so amounted to a deficient performance. *See* ECF No. 622-10 at 484 (describing his omission as an "oversight" and not based on any "tactical reason"). The argument was raised on appeal by movant's brother and co-defendant, Jagprit Sekhon. The U.S. Court of Appeals for the Ninth Circuit held that the court erred in applying the enhancement to movant's brother, *see United States v. Harmath*, 580 F. App'x 591, 596-597 (9th Cir. 2014), and it appears that the enhancement was similarly misapplied to movant. Thus, the result of movant's appeal likely would have been different had appellate counsel raised the claim – the Ninth Circuit would have vacated movant's sentence and remanded the case for resentencing (as it did for movant's brother),[5] and movant would at least have had *a chance* to receive a lower sentence. Thus, preliminary review of this ineffective assistance of counsel claim reveals that it could be meritorious to the extent that movant would be entitled to resentencing.

An entitlement to resentencing, however, is by no means a guarantee of a shorter sentence. Without the "abuse of trust" enhancement, the guidelines range for movant's offense would drop to 63 to 78 months – still higher than the 60-month sentence he originally received. This, coupled with the district court's comments at the sentencing hearing rejecting movant's request for a downward variance, cast serious doubt as to whether the court would be inclined to reduce

---

[4] Movant argues that *Castro-Ponce* was not new law but rather, a restatement of the rule announced in *United States v. Jiminez-Ortega*, 472 F.3d 1102 (9th Cir. 2007). This argument lacks merit. Movant's "obstruction of justice" claim is that the district court failed to make *express* findings of materiality and willfulness. The requirement that these findings must be express comes from *Castro-Ponce*, not *Jiminez-Ortega*.

[5] Without the abuse of trust enhancement, the guidelines range for Jagprit's offense dropped to a range of 57 to 71 months. ECF No. 611 at 4-5. Upon resentencing, his sentence was reduced from 108 months to 71 months. ECF No. 617; ECF No. 641 at 24-25.

1  movant's sentence.  *See* ECF No. 637, RT 84:23-85:19.  There is as much of a chance that
2  movant would again be resentenced to a term of 60 months as he would a shorter sentence.

3       The mere possibility that movant could receive a shorter sentence is far from a "clear case
4  for . . . release." *Benson*, 328 F.2d at 162.  Thus, assuming movant could show a high probability
5  of success with respect to his "abuse of trust" claim, he has still not demonstrated exceptional
6  circumstances to warrant his release on bail.  Granting bail pending a § 2255 motion based upon
7  movant's belief that he would receive a lower sentence would eviscerate what is intended to serve
8  as a very high standard.  *See Benson*, 328 F.2d at 162, n2 (acknowledging the ease with which
9  prisoners may allege substantial violations of constitutional rights and declining to "open the door
10 to the release of those . . . prisoners on the basis of mere allegations in their petitions.").

11      Moreover, movant's counsel conceded at oral argument that this case presents no "special
12 circumstances."  Indeed, the only apparent hardship to movant is that he is required to complete
13 the remainder of his sentence at home.  *See* ECF No. 634-3, Ex. CC, ¶ 7.  If the court granted the
14 instant request, it would likely impose conditions of "release" that would be similar to if not the
15 same as those currently imposed.  Furthermore, no purpose would be served in "releasing"
16 movant early, only to have him resentenced to the original term and then returned to BOP custody
17 to complete his sentence.  Simply put, this case does not present the exceptional circumstances
18 required to justify a request for release.  *See, e.g., United States v. Epis*, CR. NO. S-97-0381 FCD
19 GGH, 2011 U.S. Dist. LEXIS 88459, at *8 (E.D. Cal. Aug. 10, 2011) ("Such a situation where a
20 sentence must be served regardless of the final outcome on the merits of one count is the
21 antithesis of special circumstances indicating that release on bail might be appropriate; it is a
22 circumstance warranting the denial of the motion.").

23 **III.   Order**

24     Accordingly, IT IS HEREBY ORDERED that movant's motion for bail pending
25 resolution of his § 2255 motion (ECF No. 634) is denied.

26 DATED:  April 19, 2016.

                 EDMUND F. BRENNAN
                 UNITED STATES MAGISTRATE JUDGE