UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>v.<br><br>JAGDIP SINGH SEKHON, MANJIT KAUR RAI,<br><br>    Movants. | No. 2:06-cr-0058-JAM-EFB P<br><br><br>ORDER AFTER HEARING |

On October 1, 2018, the matter came on for hearing before the undersigned as to case status and on the government's motion for discovery (ECF No. 784). Additionally, the court had ordered Ranbir Khera to personally appear before it and show cause why he should not be sanctioned for failure to appear at his deposition. ECF No 780. Attorney Erin Radekin appeared on behalf of movant Sekhon; Attorneys Kresta Daly and Joan Pradhan appeared on behalf of movant Rai. Assistant United States Attorneys Jeremy Kelley and Victoria Boesch appeared on behalf of the government. Finally, attorney Kelly Babineau appeared on behalf of Mr. Khera. Mr. Khera was, again, not present and thus, non-compliant with the court's show-cause order. Ms. Babineau represented that, as before, she had not had any contact with him since the prior hearings.

1

As discussed at the earlier hearing on the government's motion to quash, Rai sought a subpoena for the immigration files (referred to as "A-files") of certain individuals to establish that these persons had their immigration status raised and threatened by the case agent in an effort to secure their cooperation in the criminal case against Rai. Rai argued in her motion and at the prior hearing that her investigation revealed that several of these individuals had their immigration status threatened by the case agent. ECF No. 744 at 2, ECF No. 781 at 10. Rai needs her expert, a former supervisor with the Department of Homeland Security, to review the files for evidence of improprieties tending to show corroborations of the individuals' allegations.

The court previously found that the information Rai seeks is both relevant and discoverable but that its scope must be narrowly tailored to information bearing on the issues that will be addressed at the evidentiary hearing.[1] Therefore, the court ordered the parties to further meet and confer as to how the subpoena could be modified so that the scope would be narrowed but yet the needed information produced. The parties now report that the meet and confer efforts have not resulted in any agreement on how to achieve that goal.

Accordingly, the court now rules as follows. Although the court necessarily found good cause for Rai to obtain the information when it approved Rai's request for the subpoena for the A-files of the persons who were allegedly contacted and threatened by the case agent, the court now expressly confirms that finding. Further, for the reasons stated on the record, IT IS HEREBY ORDERED that:

    1. By November 15, 2018, the parties shall arrange for movant Rai's designated expert to review the disputed A-files at the Sacramento office of the United States Attorney or at any other location which the government deems appropriate;

/////

/////

---

[1] The evidentiary hearing was set to address movants' claims that the government, through Agent Webster, conferred undisclosed benefits on the government's witness Ranbir Khera in exchange for his testimony at trial. Movants assert that one of these benefits was the approval of Khera's permanent residence application. Movants also assert the government knew that Khera lied in his trial testimony, all in violation of either *Napue v. Illinois,* 360 U.S. 264 (1959) and/or *Brady v. Maryland,* 373 U.S. 83 (1963).

a. In reviewing the A-files, movant Rai's investigator – Frank Huntington - may be present in the room with the provision that he is not personally authorized to review the files.
   b. The government may, of course, have present whatever agency employees it deems necessary to safeguard the integrity of the files.
   c. After reviewing the files, movant Rai's expert shall report back to her counsel and, in turn, counsel may identify and request production of those specific documents which they contend are relevant to Rai's claims.
   d. Upon identification of the desired documents by Rai's counsel, the government may assert any specific objection it has to specific documents. For now, the court reserves ruling on any dispute over the relevance of any specific item until that item is actually before the court. Likewise, it reserves ruling on and claim of privilege that Rai may assert in response to the government's objection(s), if any.
   e. The court will, if necessary, conduct an in-camera review of disputed files to determine whether they should be produced.
2. The government's motion for discovery (ECF No. 784) is DENIED without prejudice to renewal at a later date;
3. The evidentiary hearing in this case is set for April 15, 2019 at 9:30 a.m. in Courtroom No. 8;
4. By February 1, 2019, the parties shall disclose the witnesses they intend to call at the hearing and any relevant witness statements;
5. By April 1, 2019, the parties shall file their trial briefs, identify any exhibits they intend to submit, and produce any discovery covered by Rule 16 of the Federal Rules of Criminal Procedure;
6. Hearing on the show cause order directed to Ranbir Khera is continued to April 15, 2019. He is ordered to appear on that date and show cause why he should not be sanctioned for his failure to appear at his deposition; and

7. The Clerk of Court shall serve a copy of this order on Ms. Babineau at kbabineau@klblawoffice.net.

DATED: October 3, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE