McGREGOR W. SCOTT
United States Attorney
JEREMY J. KELLEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:06-CR-00058-JAM-EFB |
|---|---|
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] PROTECTIVE AND NONDISCLOSURE ORDER |
| v. | |
| MANJIT KAUR RAI and JAGDIP SINGH SEKHON, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, defendant Manjit Kaur Rai, by and through her undersigned counsel of record, Jagdip Singh Sekhon, by and through his undersigned counsel of record, and Don Riding hereby stipulate as follows:

1. The Court has ordered the parties to arrange for defendants' designated expert, Don Riding, to review four disputed A-files to assist the defense in identifying specific documents in those files that it may request in discovery. ECF No. 791.

2. The parties recognize that the disputed A-files contain numerous protected confidential documents containing sensitive personal information.

3. In recognition of the need to protect the confidentiality of the material in the A-files, the parties and Mr. Riding jointly request the Court impose, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and the Court's general supervisory authority, the following terms governing the procedure for reviewing the A files and the treatment of the confidential

STIPULATION AND [~~PROPOSED~~] ORDER      1

information in the A files:

    a. The government will make the disputed A-files available for review at the U.S. Citizenship and Immigration Services (USCIS) office at 650 Capitol Mall, Sacramento, at a date convenient for the defense. Don Riding, defendants' expert, will be present to review the A-files. Also present will be a defense investigator, Frank Huntington, as well as a USCIS records custodian and any agency employees USCIS deems necessary to safeguard the integrity of the files. While Mr. Huntington may be present in the room during the expert review, he may not view the A-files.

    b. Mr. Riding and Mr. Huntington will not be allowed to bring any recording devices with them into the review area. Specifically, cellular telephones are considered recording devices and will not be allowed in the review area.

    c. Mr. Riding will be allowed to take notes during his review of the disputed A-files regarding a general description of relevant documents and why they may be relevant to the pending habeas petitions. Mr. Riding may not copy personal identifying information such as dates of birth, social security numbers, addresses or telephone numbers, or any medical information. Mr. Riding may also not record any specific information from any asylum application, including any narratives of persecution or any information identifying any asylum seeker, witness, or alleged persecutor, including names, whole or partial alien numbers, locations, or other information that would allow the identification of the particular individual(s).

    d. Mr. Riding will identify with Post-It notes all documents relevant to the pending habeas petition. The Records Custodian will create a Word document containing the names of all documents identified by Mr. Riding and confirm the names of those documents with Mr. Riding. The names on this list may not reveal any contents of the documents. Mr. Riding may review the list to ensure that it is complete and accurate. A copy of the list will be provided to Mr. Riding. This list is not subject to this nondisclosure order.

    e. Mr. Riding shall not disclose any information about the contents of the disputed A-files to anyone other than Kresta Daly, Erin Radekin, and Joan Pradham (collectively,

1   "defendants' counsel") and/or Mr. Huntington.  Mr. Riding may disclose information to
2   defendants' counsel and/or Mr. Huntington for the sole purpose of identifying specific
3   documents in the A-files relevant to the pending habeas petition.  Mr. Riding may use
4   any notes he takes during his review to assist him in reporting to defendants' counsel
5   and/or Mr. Huntington.

    f. Mr. Riding must keep custody of any notes he takes during the review and may not copy or reproduce them.  The notes must be kept in a secure location and labelled: "CONFIDENTIAL – Pursuant to Court Order May Not Be Disseminated or Copied."  Defendants' counsel and/or Mr. Huntington may review Mr. Riding's notes, but may not retain a copy of the notes.  No member of the defense team may obtain a copy of the notes.  The "defense team" shall include Ms. Daly, Ms. Radekin, Ms. Pradham, other counsel, any member of counsel's staff, investigator(s), or retained expert(s) other than Mr. Riding, potential percipient witnesses, and the defendants in this matter.

    g. At the conclusion of this litigation or within 30 days of the expiration of the time to appeal the final disposition in this action, whichever is later, Mr. Riding shall destroy his notes and shall inform USCIS in writing of such destruction by e-mail to USCIS District 22 Records Custodian Joe Long at joe.t.long@uscis.dhs.gov.

    h. Defendants' counsel and Mr. Huntington may only use the information disclosed by Mr. Riding for the sole purpose of requesting specific documents from the four disputed A-files as discovery in this matter.  Defendants' counsel and Mr. Huntington may not disclose the information to any other individual(s) for any other purpose, including Defendants Rai and/or Sekhon.  Defendants' counsel may discuss the information with counsel for the government in requesting discovery informally.  Defendants' counsel may also disclose the information to the Court as necessary to formally request discovery.  If defendants' counsel pursue formal discovery through a Court order, any confidential information obtained from the A-files must be filed under seal pursuant to Local Rule 141 as appropriate to protect its confidential nature.

4. Nothing in this Order shall preclude a party from seeking a more restrictive protective order

or other court order with regard to particular documents contained within the disputed A-files.

5. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record based on a claim of privilege, the Privacy Act, or any other applicable statute, regulation, or legal authority, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information in discovery.

IT IS SO STIPULATED.

Dated: 12/26/18

By: JEREMY J. KELLEY
Assistant U.S. Attorney

McGREGOR W. SCOTT
United States Attorney

Dated: 17 Dec 2018

By: KRESTA DALY
Counsel for Manjit Kaur Rai

Dated: 12/26/18

By: ERIN RADEKIN
Counsel for Jagdip Singh Sekhon

Dated:

By: DON RIDING

[~~PROPOSED~~] ORDER

For good cause shown, the stipulation of counsel in criminal case no. 2:06-cr-00058-JAM-EFB is approved and the terms set forth therein are so ordered pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and the Court's general supervisory authority.

DATED: January 9, 2019

EDMUND F. BRENNAN

United States Magistrate Judge