IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:06-CR-00058-JAM-EFB |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| MANJIT KAUR RAI, JAGDIP SINGH SEKHON, | |
| Movants. | |

## I. **STIPULATION**

1. Plaintiff United States of America, by and through its counsel of record, and movants Manjit Kaur Rai and Jagdip Singh Sekhon ("movants") by and through their counsel of record (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing confidential and sensitive information of third parties.

2. Pursuant to court order, the United States intends to produce to movants certain Alien File (A-File) documents. ECF 837. The parties recognize that these documents contain protected confidential and sensitive personal information of asylum applicants and third parties. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing this confidential information.

3. Accordingly, the parties jointly request that the Court impose, pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a, Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority, the following terms governing the use and dissemination of the produced A-File materials and the information contained therein.

## II. PROPOSED PROTECTIVE ORDER

### A. Protected Materials

4. This Order pertains to all A-File materials produced by the United States and the information contained therein (hereafter, "Protected Materials.")

5. To the extent that notes are made that memorialize, in whole or in part, the information in any Protected Materials, or to the extent that copies are made for authorized use by members of the Movant Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

### B. Movant Team

6. For purposes of this Order, the term "Movant's Counsel" refers to the movants' counsel of record, respectively.

7. For purposes of this Order, the term "Movant Team" refers to (1) the movants' counsel of record; (2) other attorneys who may be consulted by movants' counsel regarding case strategy in the above-captioned matter; (3) movants' retained expert, Don Riding; and (4) the movants' private investigators and paralegals. The term "Movant Team" does not include movants themselves, the movants' families, or other associates of the movants.

8. Movant's Counsel must provide copy of this Order to all members of the Movant Team and must obtain written acknowledgement from members of the Movant Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Protected Materials to the members of the Movant Team. The written acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

### C. Disclosure of Protected Materials

9. The Movant Team shall not permit anyone other than the Movant Team to have possession of the Protected Materials, including the movants themselves.

10. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for proceedings in this case and for no other purposes whatsoever, and shall not be used for the economic or other

benefit of the movants, or any third party. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

11. Movant's Counsel shall advise the government with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Movant's Counsel is considering disseminating any of the Protected Materials to a third party, in order that the government may take action to resist or comply with such demands as it may deem appropriate.

### D. Ensuring Security of Protected Materials

12. The Movant Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office.

13. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected and encrypted storage medium or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

14. If a member of the Movant Team makes, or causes to be made, any further copies of any of the Protected Materials, Movant's Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Movant's Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

### E. Filings

15. In the event that a party needs to file Protected Materials containing Personal Identifying Information (PII), or materials otherwise identified as containing confidential information of third parties with the Court, or disclose PII in court filings, **that party shall file an appropriate motion for a sealing order permitting** the filing ~~should~~ to be made under seal or with all PII, or confidential materials, redacted. **Such a motion shall comply with the court's Local Rule and address the applicable Supreme Court and Ninth Circuit cases setting out the standards for sealing documents.** The party seeking to file such information shall make all reasonable attempts to avoid the

divulging of PII or confidential materials.

### F. Conclusion of Case

16. The provisions of this Order shall not terminate at the conclusion of this case. All Protected Materials subject to the Protective Order maintained in the Movant Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

17. Upon final disposition of the case, including exhaustion of appellate proceedings, Movant's Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed. If any Protected Materials are used as exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

### G. Termination or Substitution of Counsel

18. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned movant's counsel to the new movant counsel. New movant counsel then will become Movant's Counsel for purposes of this Protective Order, and become Movant Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth above. All members of the Movant Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the case.

### H. Modification of Order.

19. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### I. Notice That Violation of Order Could Result In Sanctions

20. Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

### J. Application of Laws

21. Nothing in this Order shall be construed to affect or comment on the admissibility or

discoverability of the Protected Materials.

22. Nothing in this Order shall be construed to affect the application of and the parties compliance with Habeas Rules, Local Rules, and applicable statutes.

Dated: March 17, 2020          McGREGOR W. SCOTT
United States Attorney

/s/ AMY SCHULLER HITCHCOCK
AMY SCHULLER HITCHCOCK
Assistant United States Attorney

Dated: March 17, 2020          /s/ KRESTA DALY
KRESTA DALY
Counsel for Movant
MANJIT KAUR RAI

Dated: March 17, 2020          /s/ ERIN RADEKIN
ERIN RADEKIN
Counsel for Movant
JAGDIP SINGH SEKHON

## [~~PROPOSED~~] FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED this 19th day of March, 2020.

THE HONORABLE EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE