UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:06-cr-0058-JAM-EFB P |
| Respondent, | |
| v. | ORDER |
| JAGDIP SINGH SEKHON, MANJIT KAUR RAI, | |
| Movants. | |

On March 25, 2021, the court issued an order setting the parameters of the upcoming evidentiary hearing. ECF No. 911. On April 5, 2021, movants filed a motion for reconsideration asking the court to address whether: (1) they would be permitted to call former United States Attorney Benjamin Wagner as a rebuttal witness; (2) the court would set an early deadline for the parties to produce evidence in advance of the hearing; and (3) the government would be required to turn over DMV driver license files for Ranbir Khera and Sarbjit Kaur, handwritten notes and e-mails by government agents and attorneys, and documents from the A-file of Jappreet Singh, another spouse for whom Kaur applied for residency. ECF No. 913. The government filed an opposition in which it argued that movants should not be permitted to call Mr. Wagner, that exchanging exhibits one week in advance of the hearing—traditional in this district—should

1

suffice, and that the court should decline movants' invitation to reopen discovery and force production of the documents referenced above. ECF No. 914. Movants filed a reply. ECF No. 916. After review of the pleadings, movants' motion for reconsideration is denied. To the extent that motion requested clarification of these issues, this order should suffice.

The court will not grant movants leave to call Wagner as a rebuttal witness at this time. It previously explained that Mr. Wagner was unlikely to have any relevant testimony. ECF No. 911 at 2-3. Movants may renew their argument if, during the hearing, important testimony arises that warrants Mr. Wagner's testimony by way of rebuttal. In such case, the court can consider the request in the context of the testimony that movants are attempting to rebut. Further, the court is aware of movants' scheduling concerns, both as to compliance with *Touhy* regulations as well as Mr. Wagner's availability. If, after hearing the testimony offered by the government, the court is convinced that rebuttal testimony from Mr. Wagner is appropriate, the court will set a date to hear that rebuttal evidence.

The court also declines to order the production of the DMV files, agent and attorney notes, and A-file documents. As the government points out, discovery in this case, after being extensively litigated, has closed. The court is unconvinced that the requested documents are so relevant or important as to warrant its re-opening.

In their reply, movants argue that, insofar as the government relied on portions of the DMV and A-file documents in its dispositive motion, Federal Rule of Evidence 106[1] requires production of those documents in their entirety. ECF No. 916 at 11. Movants also contend that the government has an ongoing obligation under *Brady vs. Maryland*, 373 U.S. 83 (1963) to provide any favorable evidence in its possession. ECF No. 916 at 11-12. They request that the court order the government to comply with that obligation. With respect to Rule 106, the court

---

[1] This rule provides that:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.

2

notes that the purpose of this rule is not to provide an additional means of discovery, but to "permit the contemporaneous introduction of recorded statements that place in context other writings admitted into evidence which, viewed alone, may be misleading." *United States v. Jamar*, 561 F.2d 1103, 1108 (4th Cir. 1977).  Movants have not offered evidence or persuasive argument that the government's use of the DMV or A-File documents was misleading and requiring of additional context.

With respect to movants' *Brady* arguments, the extent to which *Brady* obligations persist in post-conviction proceedings is not entirely clear.  It is true that the U.S. Court of Appeals for the Ninth Circuit has stated that *Brady* obligations remain even after a trial is concluded.  *See Tennison v. City & County of San Francisco*, 570 F.3d 1078, 1094 (9th Cir. 2009).  At about the same time *Tennison* was decided, however, the Supreme Court stated that "nothing in our precedents suggest[s] that this [*Brady*] disclosure obligation continue[s] after the defendant [is] convicted and the case [is] closed." *DA's Office v. Osborne*, 557 U.S. 52, 68 (2009).  Elsewhere in *Osborne*, the court stated that "*Brady* is the wrong framework [for post-conviction relief]." *Id.* at 69.  But here the court need not reach the question because movants have not shown or even articulated how the specific documents they seek fall within *Brady*'s ambit.

Finally, the court finds no reason to deviate from an exchange of exhibits one week before the hearing.  That deadline, as stated above, is traditional in this district and the upcoming hearing is not so unique or complex as to warrant an earlier deadline.  The parties are, of course, welcome to work out an alternate arrangement on their own if they can come to terms.

Accordingly, it is ORDERED that movants' motion for reconsideration (ECF No. 913) is denied.

DATED: May 5, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE